Houck, J.
The parties here stand in the same position as in the court below. The plaintiff com *216 menced an action in the court of a justice of the peace of Prairie township, Holmes county, Ohio, and the bill of particulars alleged and set forth that the defendant was indebted to plaintiff for land rental for the use of certain lands upon which defendant had erected telephone poles, and prayed judgment against the defendant in the sum of $145 with interest.
The cause was tried in the justice court and judgment rendered for the defendant, whereupon plaintiff appealed the cause to the common pleas court. A petition was filed in the common pleas court, and summons issued. The plaintiff prayed for judgment in the sum of $300, claimed to be due by reason of the appropriation by defendant of certain lands described in the petition, and used by the defendant for its telephone poles.
The prayer of the petition reads as follows:
“Said defendant is a corporation organized under the laws of West Virginia, operating a telephone company, and says that said company forcibly took possession of said lands hereinbefore described, without any authority in law, and have refused compensation in damages, and have refused to condemn said lands for the erection of said poles and wires thereon, and now refuse to condemn the same, to the damage of the plaintiff in the sum of $300, for which she asks judgment, interest, and costs.”
Counsel for defendant challenged the petition in writing filed in the common pleas court, upon the ground that there was in the statement of the petition a departure from the cause of action stated in the bill of particulars. We have examined the paper writing filed by counsel for defendant, and in our *217 judgment it savors not only of a demurrer but of a motion, and we therefore treat it accordingly.
The trial judge in the common pleas court sustained the contention of counsel for the defendant, dismissed the petition of plaintiff, and entered a judgment in favor of defendant. Question: Did the trial judge commit prejudicial error in dismissing the petition of plaintiff?
An inspection of the bill of particulars in the court of the justice of the peace and the petition filed in the common pleas court discloses the fact that they were of a different character and nature, setting forth different causes of action and grounds for recovery.
Before the justice of the peace, the action was for rental, but that set out in the petition filed in the common pleas court was for damages for property alleged to have been appropriated. Hence it will be seen that there was a clear departure from the cause of action in the justice court to the cause of action in the common pleas court.
A departure in pleading is the statement of matter in a subsequent pleading as a cause of action or defense which is not pursuant to or does not savor of the previous pleading of the same party.
Therefore an inspection of the allegations contained in the bill of particulars and the ones set out in the petition filed in the common pleas court clearly reveals a departure, or, in other words, a new and different cause of action is set out in the petition filed in the common pleas court from that contained in the bill of particulars filed in the court of the justice of the peace.
"We are of the opinion that the supreme court of Ohio has fully determined the question here raised, *218 and we need but cite counsel to the case of Van Dyke v. Rule, 49 Ohio St., 530, where the following rule of law is laid down in the second proposition of the syllabus :
“Where an action, begun before a justice of the peace, is appealed to the court of common pleas, the latter court has no power to substitute, by amendment, another cause of action not within the jurisdiction of the justice of the peace, though it is within the original jurisdiction of the court of common pleas, unless the defendant consents to the substitution, or waives his right to object to the action of the court.”
Further discussion of the question here raised seems to us unnecessary; and it follows from what we have already said that we find no prejudicial error in the record now before us for review.
We are further of the opinion that even though counsel for defendant had not challenged the jurisdiction of the court in the premises it would have been the duty of the trial judge upon an inspection of the record, upon his own motion to have stricken from the files the petition of plaintiff upon the ground that there was a departure in the cause of action set out in the petition from that contained in the bill of particulars in the justice court, and for the further reason that the justice of the peace had no jurisdiction over the subject-matter set out in the petition of plaintiff filed in the common pleas court.
Finding no prejudicial error in the record the judgment of the common pleas court must be affirmed.

Judgment affirmed.

Shields and Patterson, JJ., concur.